STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THOMAS S. CAMPISI, DEFENDANT-APPELLANT.

Argued January 24, 1967—Decided May 1, 1967.

Mr. *Michael A. Querques* argued the cause for appellant (*Mr. Daniel E. Isles,* on the brief; *Messrs. Querques and Isles,* attorneys).

Mr. *Brendan T. Byrne,* Essex County Prosecutor, argued the cause for respondent (*Mr. Barry H. Evenchick,* Assistant County Prosecutor, of counsel and on the brief).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted of bookmaking in violation of *N. J. S.* 2A:112–3 and sentenced to serve one to two years and to pay a fine of $1,000. We certified his appeal before argument in the Appellate Division.

Defendant seeks to question a search made under a search warrant. The challenge comes too late. A motion to suppress must be made before trial and may be made at trial only if the court finds it could not reasonably have been made prior thereto. *R. R.* 3:2A–6(a). No motion was made before trial nor was there any motion or objection at the trial itself. In any event, there is no factual basis for the challenge. The officers demanded entry, identifying themselves as the police, did not attempt to break in until defendant failed to respond to their demand, and in fact were admitted by defendant before they had succeeded in forcing the door. Meanwhile defendant burned something in the kitchen and the officers detected the odor from the outside. The belated attack upon the mode of executing the warrant is specious.

The trial court properly denied the motion for acquittal. The evidence supports the conviction. The testimony that the officers took a series of telephone calls for "Tom" from bettors was properly received. *State v. Carbone,* 38 *N. J.* 19, 26 (1962); *State v. Smith,* 21 *N. J.* 326, 334 (1956); *State v. Tamburello,* 69 *N. J. Super.* 166, 170 (*App. Div.* 1961); Annotation, 13 *A. L. R.* 2d 1409, 1414 (1950). The trial court did not err in permitting the officers to give their expert understanding of the messages. With respect to the claim that the State failed to prove the bets were written down by defendant, the answer is that in fact an inference could be drawn that it was precisely such a record that defendant burned after the police demanded entry, but in any event a tangible record of the bets made by a bookmaker is not prerequisite to guilt, as we this day made clear in *State v. DeStasio,* 49 *N. J.* 247 (1967).

The final point made is that the sentencing procedure was improper. The objections are the same ones rejected in *State v. De Stasio, supra.*

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.